Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com

Attorneys for Plaintiff, the Collective and
Putative Class

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>Defendant. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>   (1) **FAIR LABOR STANDARDS ACT**<br>   (2) **CALIFORNIA LABOR CODE;and**<br>   (3) **CALIFORNIA BUSINESS AND**<br>      **PROFESSIONS CODE §§17200,** *et seq.*<br><br>**DEMAND FOR A JURY TRIAL** |

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

1      Plaintiff, Michael Smith (hereinafter "Plaintiff " or "Smith"), on behalf of himself and all

2  others similarly situated, by and through his attorneys, brings this lawsuit against Defendant,

3  Sprint/United Management Company, seeking to recover for Defendant's violations of the Fair

4  Labor Standards Act of 1938, California Labor Code §§ 201-203, 221, 226, 226.7, 510(a), 512,

5  1194(a), 2802, 2699(f), the applicable IWC wage orders, and California Business and Professions

6  Code §§17200, et seq.  Plaintiff Smith, on behalf of himself and all others similarly situated,

7  complain and allege as follows:

8
                                    **INTRODUCTION**
9

10      1.      This is a collective and class action complaint against Sprint/United Management

11  Company (hereinafter "Sprint" or "Defendant") to challenge its policies and practices of: (1)

12  failing to authorize, permit and/or make available to its non-exempt hourly employees who work in

13  retail stores meal and rest periods to which they are entitled by law; (2) and failing to pay its non-

14  exempt hourly employees who work in retail stores for all hours worked, including overtime

15  compensation.  Plaintiff Smith, and members of the Collective and Class (hereinafter collectively

16  referred to as "Plaintiffs"), are current and former non-exempt hourly employees who work in

17  retail stores, and other similarly situated non-exempt hourly employees of Defendant.  Plaintiff

18  Smith seeks to represent other current and former non-exempt hourly employees who work in

19  retail stores in this collective and class action and allege Defendant has engaged in an unlawful

20  pattern and practice of failing to pay overtime pay as required by the Fair Labor Standards Act

21  ("FLSA"), 29 U.S.C. § 201, et seq., and failing to meet the requirements of both the California

22  Labor Code and California Business and Professions Code.

23      2.      Plaintiffs often work in excess of six hour per day and are routinely denied timely

24  and compliant meal and rest periods.  In addition, Plaintiffs perform off-the-clock work, including

25  overtime work for which they are not paid.

26      3.      Defendant requires non-exempt hourly employees to arrive at Defendant's retail

27  establishments prior to the start of their scheduled work shifts.  During the pre-shift period,

28  Defendant requires the employees to engage in work activities, including, but not limited to,

signing in and logging on to computer systems.  Despite requiring their employees to arrive at work in advance of their paid shifts and requiring them to perform work activities, Defendant does not pay their hourly non-exempt employees for this time, in violation of both Federal and California law.

4.     Defendant provides Plaintiffs with cellular telephones that they are instructed to carry.  Defendant prints business cards for Plaintiffs and includes the telephone number for these cellular telephones on the required business cards.  Plaintiffs are instructed to distribute their cards to customers.  As a result, Plaintiffs receive calls from customers both during and outside of their scheduled shifts.  Defendant does not compensate Plaintiffs for the time they spend handling customer and business-related telephone calls outside of their paid shifts.

5.     This daily time that Defendant requires Plaintiffs to work without compensation deprives them of substantial amounts of pay to which they are entitled under California and Federal law.  Depending upon how many hours Plaintiffs work in a day, this unpaid time is owed to Plaintiffs at both straight-time and overtime rates.

6.     Defendant routinely refuses to authorize or permit and/or make available to Plaintiffs timely and compliant 30-minute meal periods as required by law.  Furthermore, Defendant sometimes requires Plaintiffs to work in excess of ten hours per day, but does not authorize or permit and/or make available a second 30-minute meal period as required by law.  Under California law, generally, non-exempt hourly employees are to receive one 30-minute unpaid meal break at the conclusion of every five hours of labor performed.  Defendant's policy violates California law in this respect.

7.     Defendant routinely refuses to authorize or permit Plaintiffs to take 10-minute rest periods as required by law.  Under California law, non-exempt hourly employees are to receive one 10-minute rest period for every four hours, or major fraction thereof, worked. Defendant's policy violates California law in this respect.

8.     Defendant fails to compensate and/or reimburse Plaintiffs for maintenance of required work uniforms in violation of the California Labor Code.

9.      As a result of these violations, Defendant is also liable for various other penalties under the Labor Code, and for violation of the Unfair Business Practices Act (hereafter "UCL"), Business and Professions Code §§17200, *et seq.*

10.      Plaintiffs seek full compensation for all denied timely and compliant meal and rest periods, unpaid wages, including unpaid overtime, waiting time penalties, premium pay and penalties under the California Private Attorney General Act (hereafter "PAGA").  Plaintiffs also seek declaratory and injunctive relief, including restitution.  Finally, Plaintiffs seek reasonable attorneys' fees and costs under the California Labor Code and California Code of Civil Procedure §1021.5.

## PARTIES

11.      Plaintiff Michael Smith was employed as a Lead Worker in North Highlands, California in Sacramento County.  During the pertinent time period, he was also employed as a Retail Consultant.  Both such positions are non-exempt hourly positions.  Throughout the duration of his employment with Defendant, Plaintiff Smith worked at Defendant's Rocklin,  California location.

12.      Defendant Sprint/United Management Company is a wholly owned subsidiary of Sprint Corporation.  Its headquarters are located at 6391 Sprint Parkway, Overland Park, Kansas 66251.  Sprint/United Management Company does business in California.

13.      At all relevant times, Defendant Sprint has done business under the laws of California, has had places of business in the State of California, including in this judicial district, and has employed Putative Class Members in this judicial district.  Sprint is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201.  Sprint is also an "employer" as that term is used in the California Labor Code and the IWC's Orders regulating wages, hours and working conditions.

## JURISDICTION AND VENUE

14.      The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions.  29 U.S.C. §216(b).  This Court has original federal question jurisdiction under 28 U.S.C. § 1331.  This court has supplemental jurisdiction over the California

state law claims under 28 U.S.C. §1367(a) because they are so related to this action that they form part of the same case or controversy.

15.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  At all material times Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Eastern District of the State of California.

## **FACTUAL ALLEGATIONS**

16.     As set forth above, Plaintiff Smith was employed by Defendant from approximately April 2013 through January 2014.   At all pertinent times, Plaintiff worked at Defendant's retail stores located in Rocklin, California.

17.     Plaintiff Smith was employed as a Retail Consultant and as a Lead Worker, both non-exempt hourly positions.   Plaintiff Smith typically worked at least 5 days per week, and his work shifts generally lasted at least 8  hours. Plaintiff Smith sometimes worked shifts in excess of 8 hours.

18.     Similar to Plaintiff Smith, the Collective and Class Members are current and former non-exempt hourly employees who work, or have worked, at Defendant's stores and other similarly situated non-exempt hourly employees in California and throughout the United States. Plaintiff Smith is informed, believes, and thereon alleges that the policies and practices of Defendant has at all relevant times been similar for Plaintiff Smith and the Collective and Class Members, regardless of store location.

19.     Defendant routinely denies Plaintiffs timely and compliant off-duty meal periods and routinely refuses to authorize or permit Plaintiffs to take compliant rest periods.  Plaintiffs routinely work at least six-hour days, yet are also routinely denied meal and rest periods for two reasons: (1) Defendant does not authorize and permit and/or make available meal and rest breaks for Plaintiffs; and (2) even to the extent that Defendant does authorize and permit and/or make available meal and rest breaks for Plaintiffs, Defendant knows or has reason to know that Plaintiffs are too busy with work during the day to have time to take bona fide meal and rest breaks.

20.     Defendant also requires its non-exempt hourly employees to perform work tasks before the beginning of their paid shifts.  This results in its non-exempt hourly employees

1  performing off-the-clock work, including overtime work, which goes unrecorded and unpaid by

2  Defendant.

3      21.    Defendant is aware of the fact that its non-exempt hourly employees do not get the

4  meal and rest periods to which they are entitled and that it maintains policies and practices that

5  deprive its non-exempt hourly employees of compensation for time worked, including overtime

6  compensation.  Therefore, the denial of meal and rest periods and denial of wages to Plaintiffs is

7  knowing and willful.

8      22.    Defendant requires Plaintiffs to regularly arrive at the store prior to their paid shift

9  start time to perform work activities, including, logging on to the computer system and to perform

10  other work related activities.

11     23.    Defendant also requires Plaintiffs to carry cellular telephones.  Defendant requires

12  Plaintiffs to print their cellular telephone numbers on business cards to hand out to customers.

13  Consequently, Plaintiffs are required to take customer calls outside of their paid work shifts.

14     24.    Defendant requires Plaintiffs to wear work uniform shirts that include Defendant's

15  distinctive logo/brand.  Despite this requirement, Defendant refuses to compensate Plaintiffs for

16  costs associated with maintenance of their required work uniform shirts.

17     25.    Defendant is aware of the fact that their non-exempt hourly employees do not get

18  timely and compliant meal and rest periods to which they are entitled and that they have, and are,

19  depriving their hourly non-exempt employees of compensation for all time worked.  Furthermore,

20  Defendant is aware that it is required to compensate Plaintiffs for maintenance fees for their

21  required work uniforms, yet refuses to do so.  Defendant's  unlawful conduct has been widespread,

22  repeated, and willful throughout California and the United States.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

26     26.    Plaintiff Smith brings the First Count (the FLSA claim) as an "opt-in" collective

action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly

situated employees defined as:

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

All current and former non-exempt hourly employees of Defendant working in Defendant's retail establishments throughout the United States during the time period three years prior to the filing of the original complaint until resolution of this action. ("the Collective")

27. Plaintiff Smith, individually, and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to accurately record all hours worked, and failing to properly pay Plaintiffs, for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

28. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

29. The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off the clock" and without compensation in violation of the FLSA.

30. Plaintiff is representative of the members of the Collective and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

31. Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

32. The similarly situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

33.     Plaintiff Smith brings the Second through Tenth Counts (the California state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23.  The California Class is initially defined as:

> All current and former non-exempt hourly employees of Defendant working in Defendant's retail establishments throughout the state of California during the time period four years prior to the filing of the original complaint until resolution of this action. ("the Class")

34.     **Numerosity**: Defendant has employed potentially thousands of non-exempt hourly employees in its retail stores during the applicable statutory period. The number of class members are therefore far too numerous to be individually joined in this lawsuit.

35.     **Existence and Predominance of Common Questions**: There are questions of law and fact common to Plaintiffs that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

    a.  Whether Defendant has violated and continues to violate the California Labor Code and applicable Wage Orders;

    b.  Whether Defendant has engaged in a continuing policy, pattern, or practice of requiring its non-exempt hourly employees to work off-the-clock without pay in violation of the California Labor Code;

    c.  Whether Defendant has engaged in a continuing policy, pattern, or practice of not compensating its non-exempt hourly employees for the work they perform "off the clock" in violation of the California Labor Code;

    d.  Whether Defendant has engaged in a continuing policy, pattern, or practice of failing to authorize or permit and/or make available to its non-exempt hourly employees timely and bona fide meal and rest periods to which they are entitled in violation of California Labor Code §§ 226.7 and 512 and applicable Wage Orders;

    e.  Whether Defendant has engaged in a continuing policy, pattern, or practice of requiring its non-exempt hourly employees to work through their meal and rest

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

periods in violation of California Labor Code §§ 226.7 and 512 and applicable Wage Orders;

    f.   Whether Defendant has engaged in a continuing policy, pattern, or practice of refusing to compensate its non-exempt hourly employees for maintenance of their required work uniforms in violation of California Labor Code § 2802 and applicable Wage Orders;

    g.   Whether Defendant has violated California Labor Code §§ 201-203 by failing to pay its non-exempt, hourly employees the wages owing to them upon termination or quit;

    h.   Whether Defendant's payroll policy and practice has violated the California Labor Code, applicable Wage Orders, and/or the California Unfair Competition Law by resulting in the provision of wage statements that do not accurately reflect their earnings and/or other items listed in California Labor Code § 226(a) and applicable Wage Orders;

    i.   Whether Defendant's policies and practices have constituted unlawful, unfair, or fraudulent business practices in violation of the California Business and Professions Code §§ 17200, *et seq.*;

    j.   Whether Defendant is liable for penalties to Plaintiffs under the PAGA; and

    k.   The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs as alleged herein.

36.    **Typicality**: Plaintiff Smith's claims are typical of the claims of the Class. Defendant's common policies, practices, and course of conduct in violation of law as alleged herein has caused Plaintiffs to sustain the same or similar injuries and damages. Plaintiff Smith's claims are thereby representative of and co-extensive with the claims of the Class.

37.    **Adequacy**: Plaintiff Smith will fairly and adequately represent and protect the interests of the Class because Plaintiff Smith's interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff Smith has retained Counsel competent and experienced in complex employment and wage and hour class action litigation, and intends to

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

1  prosecute this action vigorously.  Plaintiff Smith and his Counsel will fairly and adequately protect

2  the interests of the Class.

3       38.   **Superiority**:  The class action is superior to other available means for the fair and

4  efficient adjudication of this controversy.  Individual joinder of all Plaintiffs is not practicable, and

5  questions of law and fact common to Plaintiffs predominate over any questions affecting only

6  individual members of the Class.  The injury suffered by each Class member, while meaningful on

7  an individual basis, is not of such magnitude as to make the prosecution of individual actions

8  against Defendant economically feasible.  Individualized litigation increases the delay and expense

9  to all Parties and the Court.  By contrast, class action treatment will allow those similarly situated

10  persons to litigate their claims in the manner that is most efficient and economical for the parties

11  and the judicial system.

12       39.   Plaintiff Smith intends to send notice to all Class Members to the extent required

13  under applicable class action procedures.

14       40.   In the alternative, the Class may be certified because the prosecution of separate

15  actions by the individual members of the Class would create a risk of inconsistent or varying

16  adjudication with respect to individual members of the Class, and, in turn, would establish

17  incompatible standards of conduct for Defendant.

18       41.   Class treatment will allow those similarly situated persons to litigate their claims in

19  the manner most efficient and economical for the Parties and the judicial system.

20       42.   Plaintiff knows of no difficulty that would be encountered in the management of this

21  litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
### 29  U.S.C. § 201, *et seq.*
### By Plaintiff and the Collective

25       43.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

26  forth herein.

27       44.   The FLSA requires that covered employees receive overtime compensation not less

28  than one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a

1   work week.  29 U.S.C. § 207(a)(1).

2       45.    At all times material herein, Plaintiff and the Collective are covered employees

3   entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. §§201, *et seq.*

4       46.    Defendant is a covered employer required to comply with the FLSA's mandates.

5       47.    Defendant has violated the FLSA with respect to Plaintiff and the Collective, by,

6   *inter alia,* failing to compensate Plaintiff and the Collective for all hours worked and, with respect

7   to such hours, failing to pay the legally mandated overtime premium for such work and/or

8   minimum wage.  Defendant has also violated the FLSA by failing to keep required, accurate

9   records of all hours worked by Plaintiff and the Collective.  29 U.S.C. §211(c).

10       48.    Plaintiff and the Collective are victims of a uniform and company-wide

11   compensation policy. This uniform policy, in violation of the FLSA has been applied to current

12   and former non-exempt hourly employees of Defendant, working in their retail establishments

13   throughout the United States.

14       49.    Plaintiff and the Collective are entitled to damages equal to the mandated pay,

15   including minimum wage, straight time and overtime premium pay within the three years

16   preceding the filing of this Complaint, because Defendant has acted willfully and knew or showed

17   reckless disregard for whether their conduct was prohibited by the FLSA.

18       50.    Defendant has acted neither in good faith nor with reasonable grounds to believe that

19   its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the

20   Collective are entitled to recover an award of liquidated damages in an amount equal to the amount

21   of unpaid overtime pay, and/or prejudgment interest at the applicable rate.  29 U.S.C. 216(b).

22       51.    As a result of the aforesaid violations of the FLSA's provisions, pay, including

23   minimum wage, straight time and overtime compensation, has been unlawfully withheld by

24   Defendant from Plaintiff and the Collective.  Accordingly, Defendant is liable for unpaid wages,

25   together with an amount equal as liquidated damages, attorneys' fees and costs of this action.

26       52.    Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

27

28

## SECOND CAUSE OF ACTION
**Failure to Authorize and Permit and/or Make Available Meal and Rest Periods**
**(By the California Class)**

53.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

54.    California Labor Code §§ 226.7 and 512 and the applicable Industrial Welfare Commission ("IWC") wage orders require Defendant to authorize and permit and/or make available timely and compliant meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes.  Section 226.7 and the applicable wage orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

55.    Under Labor Code § 226.7(b) and the applicable wage orders, an employer who fails to authorize and permit a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted.

56.    Despite these requirements, Defendant has knowingly and willfully refused to perform its obligations to authorize and permit Plaintiff and the Class to take the timely and compliant off-duty meal and rest periods to which they are entitled.  Plaintiff and the Class are routinely denied rest periods and work through their meal periods.

57.    Defendant's denial of meal and rest periods to Plaintiff and the Class is knowing and willful.

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

58.     Defendant has also failed to pay Plaintiff and the Class one hour of pay for each untimely, non-compliant meal and/or rest period that they are denied.

59.     Defendant's conduct described herein violates California Labor Code §§ 226.7, 512, and the applicable wage orders.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the Class are entitled to compensation for the failure to authorize and permit meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

60.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION
### Failure to Compensate for All Hours Worked
### (By Plaintiff and the California Class)

61.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

62.     California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

63.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

64.     Defendant required Plaintiff and the Class to work off-the-clock without compensation for their work performed.  In other words, Plaintiff and the Class were forced to perform work for the benefit of Defendant without compensation.

65.     Specifically, Defendant requires its hourly non-exempt employees who work in the retail stores to perform work "off the clock" and without compensation.  Plaintiff and the Class are required to log into the Defendant's computer system and perform other job related activities prior to the start of their paid shift.  This results in these employees performing unpaid, off-the-clock work which goes unrecorded and unpaid by Defendant.

66.     Plaintiff and the Class are also required to carry cellular telephones provided by Defendant.  Defendant prints business cards for their employees with the employee's telephone

number.  Plaintiff and the Class are instructed to hand out the business cards to customers.  As a result, Plaintiff and the Class receive calls from customers both during and outside of their scheduled shifts.  When Plaintiff and the Class address calls outside of regular business hours, this time is unrecorded and unpaid by Defendant.

67.     In violation of California law, Defendant knowingly and willfully refuses to perform its obligations to provide Plaintiff and the Class with compensation for all time worked.  Specifically, Defendant requires its non-exempt hourly employees who work in retail stores to perform off-the-clock work, knowing full well that such work is performed before and after the scheduled or paid shift.  Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff's and the Class's rights.  Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

68.     As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

69.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**(By Plaintiff and the California Class)**

70.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

71.     California Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

72.     California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

73.     Defendant's policy and practice of requiring Plaintiff and the Class to perform work off-the-clock before and after the beginning of their paid shifts has been unlawful. Even absent this off-the-clock work, many of Defendant's hourly non-exempt employees who work in retail stores, including Plaintiff and the Class, have worked over eight hours in a day and/or over 40 hours in a week. Accordingly, as a result of Defendant's unlawful policy alleged herein of requiring Plaintiff and the Class to perform off-the-clock work before the beginning of their paid shifts, Plaintiff and the Class have worked overtime hours for Defendant without being paid overtime premiums in violation of the California Labor Code, applicable IWC wage orders, and other applicable law.

74.     As alleged above, Defendant requires their non-exempt hourly employees who work in retail stores to perform off-the-clock work, including unpaid overtime work, knowing full well that such work is being performed before and after their scheduled or paid shift. Defendant has, therefore, knowingly and willfully refused to perform its obligations to compensate Plaintiff and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

75.     Defendant is liable to Plaintiff and the Class for the unpaid overtime and civil penalties, with interest thereon. Furthermore, they are entitled to an award of attorneys' fees and costs as set forth below.

76.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
**Failure to Reimburse for Necessary Business Expenditures in
Violation of California Labor Code §2802
(By Plaintiff and the California Class)**

77.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

14

forth herein.

78.     Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive any part of wages theretofore paid by said employer to said employee.

79.     California Labor Code §2802 provides that an employer must reimburse an employee for necessary expenditures and losses incurred by an employee in the direct consequence of the discharge of his or her duties.

80.     Defendant requires Plaintiff and the Class to wear distinctive uniforms containing Defendant's logo/brand when performing their job duties.  However, Defendant does not compensate Plaintiff and the Class for the expenses required to maintain their required work uniforms.

81.     Because of Defendant's failure to comply with the provisions of the applicable Wage Order and California Labor Code §§221, 2802, Plaintiff and the Class have suffered damages. Plaintiff and the Class seek reimbursement for the necessary expenditures they have incurred in direct consequence of the discharge of their duties in an amount according to proof at time of trial, with interest thereon, costs, applicable civil penalties and attorneys' fees pursuant to California Labor Code §2802 and the applicable Wage Order.

82.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(By Plaintiff and the California Class)**

83.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

84.     Labor Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

85.     Labor Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

86.     Labor Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

87.     Plaintiff and some members of the Class have left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages.  These earned, but unpaid, wages derive from time spent working through their meal and rest breaks and from time spent outside of their scheduled and paid shifts answering business calls, logging into computer systems and performing other work related activities.

88.     Defendant willfully refused, and continues to refuse, to provide Plaintiff and the Class with meal and rest period premium pay and with payment for off-the-clock work performed. In particular, as alleged above, Defendant is aware Plaintiff and the Class regularly miss or have interrupted their meal and rest breaks as a result of Defendant's unlawful policies and practices, but Defendant, nevertheless, refuses to authorize premium pay for missed or interrupted meal and rest periods.  Likewise, as alleged above, although Defendant knew, and continues to know, full well that Plaintiff and the Class performed required off-the-clock work before and after their scheduled or paid shifts, Defendant still refuses to pay Plaintiff and the Class for the off-the-clock work performed.  Accordingly, Defendant willfully refused and continues to refuse to pay Plaintiff and those members of the Class that left their employment with Defendant all the wages that were due and owing them upon the end of their employment.  As a result of Defendant's actions, they have suffered and continue to suffer substantial losses, including lost earnings and interest.

89.     Defendant's willful failure to pay the former employees the wages due and owing them constitutes a violation of Labor Code §§ 201-202.  As a result, Defendant is liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

90.     In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due.  Therefore, the former employees are entitled to penalties pursuant to Labor Code § 203, plus interest.

91.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### Violations of Labor Code § 226 – Itemized Wage Statements
### (By Plaintiff and the California Class)

92.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

93.     Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

94.     Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiffs seeks to recover actual damages, costs and attorneys' fees under this section.

95.     Defendant has failed to provide timely, accurate, itemized wage statements to Plaintiff and the Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.  In particular, the wage statements the Defendant provides their employees, including to Plaintiff and the Class, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.  This is because, in part, Defendant does not count as "hours worked" the off-the-clock time its hourly non-exempt employees who work in retail stores spend performing

1   certain work activities outside of their scheduled paid shifts answering business calls on their

2   mobile phone, logging into the computer system, and other work related activities.

3        96.    Defendant's failure to comply with Labor Code § 226(a) was, and continues to be,

4   knowing and intentional.  Specifically, although, as alleged herein, Defendant was aware that

5   Plaintiff and the Class performed off-the-clock work outside of their scheduled and paid shifts,

6   Defendant systematically failed to include this time worked in Plaintiffs' wage statements.

7        97.    Plaintiff and the Class have suffered injury as a result of Defendant's knowing and

8   intentional failure to provide timely, accurate itemized wage statements to Plaintiff and the Class

9   in accordance with Labor Code § 226(a).  In particular, the injury stemming from Defendant's

10   violations is evidenced by this live and active dispute regarding unpaid wages, including, overtime

11   pay, between the parties. As a result of Defendant's violations, Plaintiff and the Class are required

12   to undertake the difficult and costly task of attempting to reconstruct Defendant's incomplete and

13   inaccurate time and pay records to ensure that they are paid for all hours worked as required by

14   California law.

15        98.    Defendant is liable to Plaintiff and the Class alleged herein for the amounts

16   described above in addition to the civil penalties set forth below, with interest thereon.

17   Furthermore, Plaintiff and the Class are entitled to an award of attorneys' fees and costs as set forth

18   below.

19        99.    Wherefore, Plaintiff and the Class pray for relief as set forth below.

20   **EIGHTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200, *et seq.***

21   **(By Plaintiff and the California Class)**

22       100.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

23   forth herein.

24       101.   California Business and Professions Code §§ 17200, *et seq.* (also referred to herein

25   as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair

26   competition in the form of any unlawful, unfair or fraudulent business acts or practices.

27       102.   California Business and Professions Code § 17204 allows a person injured by the

28   unfair business acts or practices to prosecute a civil action for violation of the UCL.

103.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

104.   Beginning at an exact date unknown to Plaintiff and the Class, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business acts and practices described in this Complaint, including, but not limited to:

  a.   violations of Labor Code §§ 226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

  b.   violations of Labor Code § 1194 and IWC wage orders pertaining to the payment of wages;

  c.   violations of Labor Code § 2802 and IWC wage orders pertaining to reimbursement of necessary business expenditures; and

  d.   violations of Labor Code § 510 and applicable IWC wage orders pertaining to overtime.

105.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq.*

106.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq.* Among other things, the acts and practices have taken from Plaintiff's and the Class's wages rightfully earned by them, while enabling the Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

1    107.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

108.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

109.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

110.    Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of himself and others similarly situated.  Plaintiff and the Class seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

111.    Plaintiff Smith herein takes upon himself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff Smith by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

112.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## NINTH CAUSE OF ACTION
### Penalties Pursuant to Section 2699(a) of the Private Attorneys General Act
### (By Plaintiff and the California Class)

113.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

114.    Labor Code § 2699(a) provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions,

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought be an aggrieved employee on behalf of himself or herself and other current or former employees.

115.   Labor Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

116.   Labor Code § 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

117.   Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer

for at least four years at the place of employment or at a central location within the State of California.

118.    Plaintiff and the Class seek civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, alleged above, to timely pay all wages owed to Plaintiff and the Class in compliance with Labor Code §§ 201-202 in the amounts established by Labor Code § 203. Plaintiff and the Class seek such penalties as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

119.    In addition, Plaintiff and the Class seek civil penalties pursuant to Labor Code § 2699(a) for each occasion on which Defendant, alleged above, required Plaintiff and the Class to be denied timely and compliant meal and rest periods in violation of Labor Code § 226.7(a) and applicable wage orders.  Plaintiff and the Class seek such penalties in the amounts established by Labor Code § 226.7(b) as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

120.    Plaintiff and the Class also seek civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, alleged above, to provide Plaintiff and the Class accurate, itemized wage statements in compliance with Labor Code §226(a) in the amounts established by Labor Code §226(e).  Plaintiff and the Class seek such penalties as an alternative to the penalties available under Labor Code § 226(e), as prayed for herein.

121.    Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff has provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim.

122.    Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and himself as set forth in Labor Code § 2699(h).

123.    Defendant is liable to Plaintiff, the Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon.  Plaintiff and the Class is also entitled to an award of attorneys' fees and costs as set forth below.

124.    Wherefore, Plaintiff and the Class pray for relief as set forth below.

/ / /

/ / /

1

## TENTH CAUSE OF ACTION
### Penalties Pursuant to Section 2699(f) of the Private Attorneys General Act

2

3     125.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

4     forth herein.

5     126.    Labor Code § 2699(f) provides:

6     For all provisions of this code except those for which a civil penalty is specifically
      provided, there is established a civil penalty for a violation of these provisions, as
7     follows: . . . (2) If, at the time of the alleged violation, the person employs one or
      more employees, the civil penalty is one hundred dollars ($100) for each aggrieved
8     employee per pay period for the initial violation and two hundred dollars ($200) for
      each aggrieved employee per pay period for each subsequent violation[.]

9

10    127.    To the extent than any violation alleged herein does not carry penalties under Labor

11    Code § 2699(a), Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f) for each pay

12    period in which Plaintiffs were aggrieved, in the amounts established by Labor Code § 2699(f).

13    128.    Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff has provided the LWDA

14    with notice of his intention to file this claim.

15    129.    Plaintiff and the Class seek the aforementioned penalties on behalf of the State, other

16    aggrieved employees, and himself as set forth in Labor Code § 2699(h).

17    130.    Defendant is liable to Plaintiff, the Class, and the State of California for the civil

18    penalties set forth in this Complaint, with interest thereon.  Plaintiff and the Class is also entitled to

19    an award of attorneys' fees and costs as set forth below.

20    131.    Wherefore, Plaintiff and the Class pray for relief as set forth below.

21    ## PRAYER FOR RELIEF

22    WHEREFORE, Plaintiff, the Collective and the Class pray for relief as follows:

23    132.    Damages and restitution according to proof at trial for all unpaid wages and other

24    injuries, as provided by the California Labor Code;

25    133.    For a declaratory judgment that Defendant has violated the California Labor Code

26    and public policy as alleged herein;

27    / / /

28    / / /

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

134.    For a declaratory judgment that Defendant has violated Business and Professions Code §§ 17200, *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

135.    For declaratory judgment that Defendant has violated the Fair Labor Standards Act as alleged herein.

136.    For an equitable accounting to identify, locate and restore to all current and former Plaintiffs the wages they are due, with interest thereon;

137.    For an order awarding Plaintiff, the Collective and the Class compensatory damages, including lost wages, earnings and other employee benefits, restitution, and all other sums of money owed to Plaintiff, the Collective and the Class, together with interest on these amounts, according to proof;

138.    For an order awarding Plaintiff and the Class civil penalties pursuant to the Labor Code provisions cited herein, with interest thereon.

139.    For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

140.    For all costs of suit;

141.    For interest on any damages and/or penalties awarded, as provided by applicable law; and

142.    For such other and further relief as this Court deems just and proper.

Date: January 31, 2014

Respectfully submitted,

*Carolyn Cottrell* (ACP)

TODD M. SCHNEIDER (SBN 158253)
CAROLYN H. COTTRELL (SBN 166977)
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com

SCHNEIDER WALLACE
COTTRELL KONECKY LLP

COLLECTIVE AND CLASS ACTION COMPLAINT
*Michael Smith v. Sprint/United Management Company*

Todd M. Schneider (SBN 158253)
Carolyn H. Cottrell (SBN 166977)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com

Attorneys for Plaintiff, the Collective and
Putative Class

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SMITH, on behalf of himself and all others similarly situated, | Case No.: |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION** |
| vs. | **DEMAND FOR A JURY TRIAL** |
| SPRINT/UNITED MANAGEMENT COMPANY, | |
| Defendant. | |

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff, the Collective and the Class are entitled to a jury.

Date: January 31, 2014

Respectfully submitted,

*Carolyn Cottrell (CHC)*

TODD M. SCHNEIDER (SBN 158253)
CAROLYN H. COTTRELL (SBN 166977)
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com